ORIGINAL

LATHAM & WATKINS LLP
  Robert Steinberg (Bar No. 126407)
  *Bob. Steinberg@lw.com*
  Daniel Scott Schecter (Bar No. 171472)
  *Daniel.Schecter@lw.com*
  Amos E. Hartston (Bar No. 186471)
  *Amos.Hartston@lw.com*
  Ryan E. Hatch (Bar No. 235577)
  *Ryan.Hatch@lw.com*
355 South Grand Avenue
Los Angeles, California  90071-1560
Telephone:  213.485.1234
Facsimile:   213.891.8763

Attorneys for Plaintiff
Adobe Systems Incorporated

FILED

JAN 2 0 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

WHA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CV 09    0228

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, | CASE NO. |
| Plaintiff, | |
| v. | **COMPLAINT FOR VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT, 17 U.S.C.  §§ 1201, *ET SEQ.*** |
| APPLIAN TECHNOLOGIES, INC. | |
| Defendant. | **JURY TRIAL DEMANDED** |

COMPLAINT

1    Plaintiff Adobe Systems Incorporated ("Adobe"), by and through its attorneys and for its

2    complaint against Applian Technologies, Inc. ("Applian"), makes the following allegations on

3    personal knowledge as to itself and information and belief as to others:

**NATURE OF THE ACTION**

4

5    1.    Adobe's Flash[1] platform is a leading technology for creating and delivering

6    compelling Internet content. Adobe's Flash Media Server® ("Flash Server") and Flash Player

7    products are an integral part of the Flash platform, providing content owners such as major

8    movie and television studios a secure means for meeting the enormous online demand for their

9    content. Adobe's Flash Server can stream content to the ubiquitous Flash Player. More than 890

10   million Internet users worldwide have downloaded and installed the Flash Player.

11   2.    Adobe has invested millions of dollars to provide a secure solution for online

12   video and audio distribution. A major portion of this effort involved the development of

13   technological measures to be used with Flash Server and Flash Player for securing content.

14   More specifically, these secure technological measures protect against access to, copying and

15   downloading of content streamed over the Internet. These technological measures are an

16   essential prerequisite before content owners will make their valuable content available online.

17   3.    Applian distributes the aptly-named Replay Media Catcher ("RMC") software

18   product, which by design circumvents Adobe's technological measures designed to secure

19   streaming content. RMC captures Flash content so that it can be downloaded, stored, copied,

20   distributed and/or repeatedly viewed against the permission of the content owners, who rely on

21   Adobe's technological measures to protect their content online.

22   4.    Adobe is entitled to immediate relief from Applian's flagrant circumvention of

23   Adobe's technological measures in violation of Adobe's right to provide effective protection of

24   content. In addition to providing for the copying of unsecured content, Applian intentionally

25

26   _____

27   [1] Adobe® and Flash® are registered trademarks of Adobe Systems Incorporated.

28

circumvents technological measures designed to prevent the downloading of secure, streaming content, which threatens the viability of rich and compelling content online.

5.     Applian's conduct will cause grave and irreparable harm to Adobe, as well as its customers and the copyright holders who rely on Flash Server and the Flash platform to securely stream content, should it be allowed to continue unabated.  Adobe brings this action to stop that harm and protect its rights.

## THE PARTIES

6.     Plaintiff Adobe Systems Incorporated is a Delaware corporation with its principal place of business located in San Jose, California.

7.     Defendant Applian Technologies, Inc. is a California corporation with its principle place of business located in San Anselmo, CA.  It's designated agent for service of process is Thomas Mayes, 20 Vineyard Ave., San Anselmo, CA 94960.

## JURISDICTION AND VENUE

8.     The Court has subject matter jurisdiction over the federal law cause of action pleaded herein pursuant to 28 U.S.C. §§ 1331 (federal question), and 1338(a) (any act of Congress relating to copyright), and pursuant to the Digital Millennium Copyright Act (DMCA), 17 U.S.C. §§ 1201, *et seq.*

9.     This Court has personal jurisdiction over Applian, and venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because, *inter alia*, (a) Applian and/or its agents are doing business in this District; and (b) a substantial portion of the events giving rise to this lawsuit, as well as substantial injury to Adobe, have occurred or will occur in interstate commerce, in the State of California, and in the Northern District of California as a result of Applian's violations of the DMCA, as alleged in detail below.  Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) in that Applian conducts substantial commercial activities in this District.

## BACKGROUND FACTS

**The Adobe Flash Platform and Security Measures**

10.    Adobe is in the business of developing and distributing software for the secure deployment of content over the Internet using Adobe's Flash platform, which is one of the most popular multimedia platforms for integrating video, animation, and interactivity into web pages, and more recently, to build rich Internet applications.

11.    Adobe's Flash Server and Flash Player work together to transmit content that has been integrated into web pages. Because Internet content is in purely digital form, it presents a heightened risk of illegal modification, reproduction, and distribution of copyrighted material. Without appropriate safeguards, the content can be digitally altered, such as to remove advertising, or copied and transmitted repeatedly without degradation of the clarity and overall quality. Once these copies are "in the clear" and in the hands of others, repeated reproduction and distribution are possible, and the unlawful processes can be replicated endlessly in ways that the copyright owner never intended.

12.    Accordingly, the Flash platform provides measures for secure content streaming. Streaming works by sending video content in pieces that are discarded immediately after being displayed such that the entire video file is never stored on the user's computer. Streaming offers greater protection than downloading, where the pieces of content are stored on the user's computer and are thereby susceptible to unauthorized copying.

13.    To provide for secure streaming, Adobe has developed a set of technological security measures to be used with its Real Time Messaging Protocol ("RTMP"), collectively referred to as the "Secure RTMP Measures" developed by Adobe specifically to secure the streamed content against unauthorized downloading, access, and copying. The Secure RTMP Measures include features which content owners and distributors elect to use to secure their

streaming content. These security measures implemented today include encryption,[2]
verification, and authentication.

14.     Adobe customers rely heavily on these Secure RTMP Measures to provide
effective access control and copy prevention.

**Applian's Replay Media Catcher**

15.     Applian's Replay Media Catcher unlawfully circumvents the Secure RTMP
Measures, permitting anyone with an Internet connection and $39.95 to "snag millions of web
videos"[3] from a host of popular Internet websites, including copyrighted movies, television
shows and other valuable content streamed using the Secure RTMP Measures.  Applian markets
RMC as offering "easy one-click downloading and recording," and even bundles special
software to view Flash content outside the Flash Player and convert it to other popular formats,
enabling redistribution across a wide variety of platforms around the world.[4]  Even Applian's
CEO admits that it is "bringing the content into places where the content people hadn't
necessarily intended."[5]  Since RMC "updates automatically when a new protocol is introduced,"[6]
Applian's users are never far behind overcoming new security measures that are put in place.

16.     Applian aggressively promotes the use of RMC to download content from sites
employing the Secure RTMP Measures, including by telling potential customers they can
download media from all Flash video servers including "RTMPE."[7]  Applian even provides an
extensive list of over four hundred websites tested to work with RMC, including many that

---

[2]  The encryption capability for "RTMP" is called "RTMPE".

[3]  *See* http://www.applian.com/replay-media-catcher/record.php?name=Daily+Motion.

[4]  *See* http://applian.com/download-videos/.

[5]  *See* http://uncutvideo.aol.com/videos/03eccc1d6efb69b5b7c150b8e9b23692.

[6]  *See* http://applian.com/download-videos/.

[7]  *See* http://applian.com/download-videos/.

employ the Secure RTMP Measures to protect their content against illegal access and downloading.[8]

17.    When launched, RMC loads the so-called "Flash RTMP Capture Plug-in," software code specially developed and recently updated by Applian for the sole purpose of circumventing the Secure RTMP Measures.  Generally, a plug-in is a component that can be inserted or "plugged in" to a larger software program.

18.    The author of the Flash RTMP Capture Plug-in is Andy Heinlein, known in hacker circles as the "SonicMouse," and creator of the "Myspace Mp3 Gopher" and other hacks (i.e. security breaches).[9]  By his own admission, Mr. Heinlein has "caused a lot of trouble on a lot of different systems due to finding exploits in other people [sic] software."[10] Applian uses Heinlein's self-professed ability to "reverse engineer other peoples [sic] software"[11] to unlawfully breach the Secure RTMP Measures, putting countless copyrighted movies and videos at risk and threatening immediate and irreparable harm to Adobe, its customers, and copyright holders.

19.    Applian has recently provided updates to the Flash RTMP Capture Plug-in that have the sole and express purpose of circumventing the secure authentication and encryption technologies of the Secure RTMP Measures.

20.    Applian's dissemination of Replay Media Catcher causes substantial harm to Adobe and its Flash platform, to Adobe's business partners, content providers, and end users, and harms the public by threatening to interfere with the growth and development of important new media distribution channels on the Internet.

---

[8]   *See* http://applian.com/recording_solutions/show_RCAT.php.

[9]   *See* http://www.mouseindustries.com/gopher/;
      http://www.mouseindustries.com/rhap/txt/AppMain.cpp.

[10]  *See* http://www.mouseindustries.com/sacred/about.html.

[11]  Id.

## VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT,
### 17 U.S.C. §§ 1201, *ET SEQ.*

21.    Adobe incorporates by reference each and every allegation set forth in Paragraphs 1 through 20, inclusive, as though fully set forth herein.

22.    Section 1201(a)(2) of the DMCA, 17 U.S.C. § 1201(a)(2), provides, in pertinent part, that no person shall manufacture, import, offer to the public, provide, or otherwise traffic in any technology, product, service, device, component, or part thereof, that (A) is primarily designed for the purpose of circumventing a technological measure that effectively controls access to a work protected under this title; (B) has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to a work protected under this title; or (C) is marketed by that person or another acting in concert with that person with that person's knowledge for use in circumventing a technological measure that effectively controls access to a work protected under this title.

23.    Section 1201(b)(1) of the DMCA, 17 U.S.C. § 1201(b)(1) provides, in pertinent part, that no person shall manufacture, import, offer to the public, provide, or otherwise traffic in any technology, product, service, device, component, or part thereof, that (A) is primarily designed for the purpose of circumventing protection afforded by a technological measure that effectively protects a right of a copyright owner under this title in a work or a portion thereof, (B) has only limited commercially significant purpose or use other than to circumvent protection afforded by a technological measure that effectively protects a right of a copyright owner under this title in a work or a portion thereof, or (C) is marketed by that person or another acting in concert with that person with that person's knowledge for use in circumventing protection afforded by a technological measure that effectively protects a right of a copyright owner under this title in a work or a portion thereof.

24.    The Secure RTMP Measures are technological measures that (a) effectively control access to works protected by the Copyright Act and (b) effectively protect copyrights by preventing end users from capturing, reproducing, manufacturing, adapting, publicly performing and/or distributing copies of copyrighted works or portions thereof.

25.    Applian offers to the public, provides, and/or otherwise distributes the Flash RTMP Capture Plug-in to its RMC product that (a) is primarily designed or produced for the purpose of circumventing the Secure RTMP Measures or the protection afforded by the Secure RTMP Measures; (b) has no commercially significant purpose or use other than to circumvent the Secure RTMP Measures or the protection offered by the Secure RTMP Measures; and/or (c) is marketed by Applian and/or others acting in concert with it with the knowledge that the Flash RTMP Capture Plug-in is used to circumvent the Secure RTMP Measures or the protection afforded by the Secure RTMP Measures.

26.    By circumventing the Secure RTMP Measures and by offering to the public and providing the product and services hereinabove alleged, Applian has violated 17 U.S.C. §§ 1201(a) and (b).

27.    Adobe will sustain actual damage in that, among other things, the sales of its Flash-related products will be reduced and the respective value and goodwill will be harmed as a result of Applian's violation of 17 U.S.C. §§ 1201(a) and (b).  Adobe is entitled to Applian's profits from its violations of 17 U.S.C. §§ 1201(a) and (b).  Alternatively, at its election, Adobe is entitled to an award of the maximum statutory damages as permitted by the DMCA, 17 U.S.C. § 1203(c).

28.    Applian's conduct, unless enjoined and restrained by the Court, will cause grave and irreparable injury to Adobe, who has no adequate remedy at law.  Pursuant to 17 U.S.C. § 1203, Adobe is entitled to temporary, preliminary, and permanent injunctive relief prohibiting further violations of § 1201.

29.    Adobe further is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 1203.

## PRAYER FOR RELIEF

**WHEREFORE,** Adobe prays for judgment against Applian and against all of its affiliates, agents, servants, employees, partners and all persons in active concert or participation with it, for the following relief:

LATHAM&WATKINS
ATTORNEYS AT LAW
LOS ANGELES

(a)   A temporary restraining order and preliminary and permanent injunctive
relief enjoining Applian and all of its employees, officers, directors,
agents, consultants, servants, affiliates, attorneys, successors and assigns,
and all those acting directly or indirectly in concert or participation with
any of them with notice thereof, from violating Adobe's rights under the
DMCA by selling, distributing, offering, marketing, developing,
reproducing, supporting or otherwise trafficking in: (i) features or
functions of Applian's Flash RTMP Capture Plug-in or Applian's RMC
product which can circumvent one or more of the Secure RTMP Measures
including, without limitation, any copies of the Flash RTMP Capture Plug-
in which include such features or functions; or (ii) any updates, patches,
tools, designs, modifications or changes to any version of the Flash RTMP
Capture Plug-in or Applian's RMC product which include features or
functions with the ability to circumvent one or more of the Secure RTMP
Measures.

(b)   An order directing that when any computer which has installed the Replay
Media Catcher connects to any computer or server operated or controlled
by any of the Enjoined Parties, all features or functions of Applian's Flash
RTMP Capture Plug-in or Applian's RMC product enabled in any sold or
distributed copies of the Flash RTMP Capture Plug-In and RMC product,
which can circumvent one or more of the Secure RTMP Measures, shall
be disabled.

(c)   An order directing that Applian file with the Court and serve upon counsel
for Adobe within thirty (30) days after the entry of such order or
judgment, a report in writing and under oath setting forth in detail the
manner and form in which Applian has complied with the injunction;

(d)   An order requiring that Applian destroy all copies of the Flash RTMP
Capture Plug-in, or any other component of Replay Media Catcher,

product, plug-in or release with capabilities to circumvent one or more Secure RTMP Measures, or substantially similar functionality and purpose, regardless of how named, and all devices or products involved in the violation of 17 U.S.C. §§ 1201(a) and/or 1201(b), in accordance with 17 U.S.C. § 1203;

(e)     An order requiring impounding of any device or product that is in the custody or control of Applian and that was involved in the violation of 17 U.S.C. §§ 1201(a) and/or 1201(b), in accordance with 17 U.S.C. § 1203;

(f)     An order requiring Applian to: (i) post a prominent public notice on its Internet web pages notifying all persons in possession of Replay Media Catcher that the Flash RTMP Capture Plug-in has been recalled and copies be returned to Applian or destroyed; (ii) use all contact information in its possession to notify anyone that has obtained a copy of Replay Media Catcher that the Flash RTMP Capture Plug-in has been recalled and that copies should be returned to Applian or destroyed;

(g)     Adobe's costs and reasonable attorneys' fees in accordance with 17 U.S.C. §§ 505 and/or 1203;

(h)     Prejudgment and post-judgment interest;

(i)     An award to Adobe of damages it has sustained or will sustain by reason of Applian's violation of 17 U.S.C. §§ 1201(a) and/or 1201(b), all profits derived by Applian from such conduct, or in lieu thereof, should Adobe so elect, such statutory damages as the Court shall deem proper as provided in 17 U.S.C. § 1203(c), including damages for each act of circumvention, device, product, component, offer or performance of service in violation of 17 U.S.C. §§ 1201(a) and/or 1201(b); and

(j)     All such further and additional relief, in law or in equity, to which Adobe

may be entitled or which the Court deems just and proper.

DATED: January 2𝒪, 2009

Respectfully submitted,

LATHAM & WATKINS LLP
   Robert Steinberg
   *Bob. Steinberg@lw.com*
   Daniel Scott Schecter
   *Daniel.Schecter@lw.com*
   Amos E. Hartston
   *Amos.Hartston@lw.com*
   Ryan E. Hatch
   *Ryan.Hatch@lw.com*
355 South Grand Avenue
Los Angeles, CA 90071-1560

By _____
      Robert Steinberg

Attorney for Adobe Systems Incorporated

# DEMAND FOR JURY TRIAL

Adobe Systems Incorporated, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED: January 2**0**, 2009

Respectfully submitted,

LATHAM & WATKINS LLP
   Robert Steinberg
   *Bob. Steinberg@lw.com*
   Daniel Scott Schecter
   *Daniel.Schecter@lw.com*
   Amos E. Hartston
   *Amos.Hartston@lw.com*
   Ryan E. Hatch
   *Ryan.Hatch@lw.com*
   355 South Grand Avenue
   Los Angeles, CA 90071-1560

By _____
   Robert Steinberg

Attorney for Adobe Systems Incorporated

1                               **PROOF OF SERVICE**

2           I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 505 Montgomery

3 Street, Suite 2000, San Francisco, CA 94111.

4           On **January 20, 2009**, I served the following document described as:

5 **COMPLAINT FOR VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT, 17 U.S.C. §§ 1201, *ET SEQ.***

6

7 by serving a true copy of the above-described document in the following manner:

8                              **BY HAND DELIVERY**

9           I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for hand delivery by a messenger courier service or a registered process server.

10 Under that practice, documents are deposited to the Latham & Watkins LLP personnel responsible for dispatching a messenger courier service or registered process server for the delivery of documents by

11 hand in accordance with the instructions provided to the messenger courier service or registered process server; such documents are delivered to a messenger courier service or registered process server on that

12 same day in the ordinary course of business. I caused a sealed envelope or package containing the above-described document(s) and addressed as set forth below in accordance with the office practice of Latham

13 & Watkins LLP for collecting and processing documents for hand delivery by a messenger courier service or a registered process server.

14 Thomas Mayes,
Applian Technologies, Inc.

15 20 Vineyard Ave.
San Anselmo, CA 94960.

16

17           I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury

18 under the laws of the State of California that the foregoing is true and correct.

19           Executed on **January 20, 2009**, at San Francisco, California.

20

21                                     John M. Eastly

22

23

24

25

26

27

28